UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLINE FRANCIS; WALLISHA FRANCIS; AND ROLAND EVANS | CIVIL ACTION NO. |
| | 16-15901 |
| V. | |
| | SECTION "N" (5) |
| GREENWICH INSURANCE COMPANY; KENAN ADVANTAGE GROUP, INC.; ARTHUR BROWN; NATIONAL INSURANCE COMPANY; AND THOMAS HILL | |

## ORDER & REASONS

Before the Court are motions to remand, filed by defendant and cross-claimant, Thomas Hill (Rec. Doc. 6), and the plaintiffs, Shirline Francis, Wallisha Francis, and Roland Evans. (Rec. Doc. 10). The motions are opposed by the defendants who removed the action (*see* Rec. Docs. 12 & 17), and Hill has filed memoranda in reply (Rec. Docs. 16 & 18). Now, having carefully considered the parties' submissions, the record, and applicable law, the Court grants the motions, refusing to realign parties to create complete diversity upon removal.

### I.    BACKGROUND

This personal injury action arises out of a traffic incident in which a vehicle driven by defendant, Thomas Hill, purportedly collided with a tractor-trailer. The plaintiffs were passengers in Hill's vehicle, which they allege was struck by the tractor-trailer as it crossed into their lane while turning, causing them injury. Alternatively, the plaintiffs allege that their driver, Hill, improperly crossed lanes and collided with the tractor-trailer. (*Id.* at p. 3). The plaintiffs filed suit on July 12, 2016. In addition to Hill, named as defendants in the lawsuit are the driver of the tractor-trailer, Arthur Brown; the owner of the tractor-trailer, Kenan Advantage Group

Incorporated ("Kenan Advantage"); the insurer of the tractor-trailer, Greenwich Insurance Company ("Greenwich"); and the insurer of Hill's vehicle, National General Insurance Company ("National General"). On August 3, 2016, without having been served, Hill appeared and filed a cross claim against Brown, Kenan Advantage, and Greenwich for his alleged injuries.

Despite the plaintiffs and defendant Hill sharing Louisiana citizenship, defendants Brown, Kenan Advantage, and Greenwich (hereafter the "removing defendants") removed the case to federal court on October 27, 2016, based on diversity jurisdiction and without consent of co-defendant Hill. To overcome these deficiencies, the removing defendants implore the court to realign Hill as a plaintiff and, in doing so, create complete diversity (as well as obviate the need for Hill's consent). In support of their request, the removing defendants argue that Hill and the plaintiffs share a "common interest in having [the removing defendants] pay the absolute most damages possible." As evidence, the removing defendants primarily cite (1) the fact that prior to the filing of the lawsuit, the attorney representing plaintiffs also represented Hill in this dispute[1] and (2) that the plaintiffs' claims against defendants other than Hill predominate in the Complaint.

The plaintiffs' and Hill's opposition to this extraordinary realignment request forms the basis of the motions to remand now before the Court.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a party may remove an action over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v.*

---

[1]  Prior to the commencement of the lawsuit in state court, the removing defendants received a letter of representation by the plaintiffs' attorney, on behalf of the plaintiffs and Hill. After the removing defendants investigated the allegations and denied liability, but still before the filing of the lawsuit, this joint representation ended with regard to Hill, who is now represented by his own attorney.

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). If the Court lacks subject matter jurisdiction, then remand is required. *See* 28 U.S.C. § 1447(c). As the federal courts are courts of limited jurisdiction, and removal implicates serious federalism concerns, "any doubt about the propriety of removal must be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

When removal is based on the federal court's diversity jurisdiction, the removing party "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). These prerequisites include diversity of citizenship, which must exist at the time of removal. *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3723 (1998 ed.)). Diversity must also be "complete," meaning the citizenship of every plaintiff is diverse from the citizenship of every defendant. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

### III.    LAW AND ANALYSIS

In cases originally filed in federal court, a district court may determine diversity jurisdiction by "look[ing] beyond the pleadings and arrang[ing] the parties according to their sides of the dispute . . . ." *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*, No. 07-0102, 2007 WL 2229050, at *4 (N.D. Tex. Aug. 3, 2007) (internal quotation marks and citations omitted).  Although the Fifth Circuit has not spoken directly on the issue, some courts have found realignment of the parties to permit removal from state court to be improper.  *Id.* (citing *Roblez v.*

*Ramos*, 2001 WL 896942, at *3 (N.D.Tex. Aug.1, 2001)).  Regardless, the inquiry into realignment asks whether those parties that share the same "ultimate interests" in the outcome of the lawsuit are on the same side.  *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir.1984).  Stated differently, the court must determine whether there is the necessary "collision of interest" between the parties, determined by examining the plaintiff's "principal purpose of suit."  *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). Ultimately, the court must "insure that that there is a bone fide dispute between citizens of different states." *Zurn Indus., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 237 (5th Cir. 1988)

As a threshold matter, this Court has previously joined a number of its sister courts in this Circuit in questioning – and rejecting – the use of realignment upon removal as legal mechanism for manufacturing diversity jurisdiction. *See Kahn Swick & Foti, LLC v. Spector Roseman Kodroff & Willis, PC*, No. 14-1979, 2014 WL 7140312, at *4 (E.D. La. Dec. 12, 2014) (Engelhardt, J.). Nevertheless, if realignment were a tool available under present circumstances, it would require the removing defendants to show this matter worthy of departure from the general rule that diversity of citizenship is determined at the commencement of a lawsuit, *see Gurley v. White*, No. 16-16274, 2016 WL 7228867, at *3 (E.D. La. Dec. 14, 2016) (citing *Zurn*, 847 F.2d at 236), and must be present at the time of removal. *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). In cases where realignment is permitted, a court "is not bound by the way plaintiff formally aligns the parties in his original pleading." *Gurley*, 2016 WL 7228867, at *3 (quoting *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 (5th Cir. 1984) (realigning parties in an action filed originally in federal court)).

In a recent decision, this District Court declined an invitation to realign parties upon removal when confronting facts similar to those found in the present case. *See Gurley*, 2016 WL

7228867, at *1. There, the passenger of a car that had been struck by a tractor-trailer sued both drivers, and related parties, based on alternative theories of fault. *Id.* Next, the plaintiff's driver asserted cross claims against the other defendants. *Id.* Those defendants then removed based on diversity jurisdiction, despite the plaintiff and his driver being citizens of the same state, and the driver having not consented to removal. *Id.* Nevertheless, the removing defendants asked the court to cure the jurisdictional infirmity through realignment, contending that both plaintiff and his driver share a common interest in the lawsuit's outcome. *Id.* at *2.

The *Gurley* court refused. Noting that realignment upon removal was "fodder for some debate," the court held, in any event, that realignment of the parties was improper on the facts. *See Id.* at *2-3. Explaining that the inquiry must remain focused on the principal purpose of the plaintiff's lawsuit, the court framed the plaintiff's objective as "seek[ing] redress for injuries suffered in a two-vehicle accident; to hold liable and recover damages from those parties whose negligence caused [plaintiff's] injuries." *Id.* at *3. The outstanding question of fault, explained the court, was one to be litigated, which made for a bona fide dispute between plaintiff and his driver. *Id.* As such, the court concluded that the plaintiff's driver was properly aligned as adverse to the plaintiff, despite the driver's cross claims against the other defendants; consequently, the presence of the driver as a non-diverse defendant destroyed diversity and necessitated remand. *See id.*

In this case, the removing defendants would have the Court view the plaintiffs' lawsuit as a concerted effort between them and Hill to have the removing defendants "pay the absolute most damages possible." (Rec. Doc. 12 at p.9). But, the Court, in adopting this perspective, would have to disregard the plaintiffs' claims against Hill as frivolous – or worse, collusive. And, while the removing defendants have questioned the plaintiffs' motive for naming Hill a defendant, the allegations are simply not enough to justify the Court realigning Hill as plaintiff. After all, Hill

appears to have played a central role as one of two drivers involved in the alleged accident, and alternative pleading is not prohibited. Recognizing the limitations of its jurisdiction, and allowing the plaintiffs the benefit of the doubt, the Court finds that a bona fide dispute exists between the plaintiffs and Hill. Accordingly, they are properly aligned, such that the presence of Louisiana citizens as adverse parties precludes complete diversity and, ultimately, this Court's subject matter jurisdiction. The case must be remanded as a result.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motions to remand (Rec. Docs. 6 & 10) are hereby **GRANTED**, and the matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 7th day of March 2017.

**KURT D. ENGELHARDT**
**United States District Judge**